Defendants appealed.
This action, commenced on 6 November, 1869, is prosecuted for the purpose of settling a partnership, formed in 1855, of the plaintiff, (536) one Jackson B. Hash (whose interest in the business the plaintiff claims as assignee), and Allen Perkins, the defendants' testator, and to recover the plaintiff's share of the proceeds. The complaint alleges that the funds of the mercantile firm went into the hands of the said Allen Perkins, and no account thereof has been rendered and adjusted, either by the deceased member in his lifetime, or by his *Page 421 
executors since. The defendants admit the constitution of the partnership firm of Hash, Perkins Co. in 1855, and its dissolution in 1857, deny the alleged contribution to the capital stock, alleged in the complaint, and the testator's taking the effects into his possession, and undertaking to close up the business; aver that one Timothy Perkins, a clerk in their employ, and since deceased, undertook this duty, and the books and accounts were placed in his charge, with the consent of all the members, and that his efforts in that direction were interrupted by the Civil War, into which he entered and was killed — and while having no assets of the testator, submit to the taking the proposed account.
Such proceedings were had in the cause, that at Spring Term, 1883, of the Superior Court of Ashe County, judgment was recovered upon an ascertained balance due, the plaintiff from the partnership resources, of $623.70, with interest from Fall Term, 1882, but without the institution of any inquiry into the condition of the testator's estate, and the value of the assets, with which the defendants are chargeable to make payment.
Upon an appeal to this Court, from the ruling of the judge in the cause, whereby the issue of an execution against the defendants, to be satisfiedde bonis propriis, was stayed until the sufficiency of the assets could be ascertained to meet the debt, the cause was remanded for that purpose, and meanwhile action under execution suspended. See the case reported in97 N.C. 309.
The cause being resumed in the Superior Court, an order of (537) reference was made to the clerk, to take and state an account of the administration of the testator's estate by the executors, which order was executed, and report returned to the succeeding term.
The referee finds that there were in the defendants' hands on 19 April, 1879, as appears by record of settlement in the clerk's office, $417.78, which, with interest since accrued, to wit, $152.58, makes an aggregate of $570.36.
He further reports proceeds of land sold by the executors, with which they are chargeable as assets, which, with the moneys already mentioned, swell the whole sum to $7,990.47. To the report the defendants file the following exceptions:
The defendants except to the report filed by Commissioner Dickson at this term of the court, for the following reasons:
1st. The commissioner erred in finding as a fact that there went into the hands of the defendant from the sale of the 460-acre tract on Hilton, owned by Allen Perkins at the time of his death, the sum, with interest, of $4,123.21, when there was no evidence before him showing that any sum whatever went into their hands from this source; but on the *Page 422 
contrary, the evidence shows that the land was sold as the lands belonging to the estate of Riley Perkins, for partition among his heirs, instead of the heirs of Allen Perkins.
2d. The commissioner erred in finding that there did or should have gone into the hands of the defendants, from the sale of the Naked Creek lands, the sum of $3,036.00, contrary to the evidence and against the weight thereof.
3d. The commissioner erred in finding, as a conclusion of law, that the defendants are estopped from claiming the title for the 460-acre tract on Hilton, and claiming under the deed from Allen Perkins to Riley Perkins in 1858, by claiming under the will of Allen Perkins, (538) without finding the fact that they did claim said lands under the will of Allen Perkins, and when the weight of the testimony shows that what claim, if any at all, they set up to said lands, was under Riley Perkins.
4th. The commissioner finds that the sum of $7,990.47 is now in the hands of the defendants, liable for the payment of the just claims against the estate of their testator, but failed to find what portion of said sum is in the hands of the defendants separately.
5th. The commissioner fails to find what amount of legal claims against the estate of Allen Perkins have been paid by defendants.
6th. The commissioner failed to find what amount of legal claims against the estate of Allen Perkins is still outstanding.
7th. The commissioner fails to find what portion of the assets that he finds in the defendant's hands are liable to the plaintiff's debt.
8th. The report of the commissioner is conflicting and erroneous upon its face, in that, in fixing the amount received from the several sources, he reports one amount, and in the aggregate reports another.
9th. The commissioner erred in finding that there went into the hands of defendant, W. K. Wilcoxon, $125 for lands bid off by him on Hilton, when the weight of the testimony shows that neither the lands nor the money for the same went, or could have gone, into his hands.
His Honor, Judge MacRae, after hearing the argument in the case, filed the following order:
This cause coming on to be heard upon the report of the referee filed and exceptions thereto, it is considered by the court that the first and third exceptions be sustained. It appearing from the evidence, that the 460 acres, known as the Hilton land, or part of the Hilton land, devised by the testator, with other lands, to his children, had been conveyed (539) by the testator in his lifetime to his son, Riley Perkins, who was killed in the war, leaving no issue, and that said land was sold for partition among the heirs of Riley Perkins, who were also devisees under the will of Allen Perkins. *Page 423 
The court is of opinion, that the parties claiming under the will of Allen Perkins are not precluded from enjoying an interest or estate in this tract, derived from the legal owner of the land, Riley Perkins, and in opposition to the will.
Second exception is overruled, upon the 6th and 7th findings of fact of the referee, which are adopted as the findings of the court.
Fourth exception is sustained, first, as to the amount found in the hands of the executors, which is to be modified in accordance with the rulings herein had; (2) the referee ought to state the amount with which both the executors ought to be charged, and the sum with which each executor should be charged separately.
Fifth exception is overruled. The referee has given the defendants credit for the sum claimed to have been paid out by them in his third finding of facts, wherein he charges the executors with the balance against them on their return, or record of settlements, made 19 April, 1879, i. e., $417.98 and interest.
Sixth exception is overruled. It is not necessary for the purpose of the reference, that an account should be taken of claims outstanding against the estate of Allen Perkins, and it is not alleged that there are any other outstanding claims, except that of plaintiff.
Seventh exception is overruled. It was not required of the referee, to report what portion of the assets were liable to the plaintiff's debt, but simply to state the account of the executors with the estate of Allen Perkins.
Eighth exception is sustained, in so far as to require a (540) reformation of the report.
Ninth exception is sustained, it appearing that defendant Wilcoxon bought a small tract of land at a sale for division among Elizabeth, Sarah Ann, George and H., devisees under the will, for about $125, but that said land was recovered from said Wilcoxon, by superior title to that of the testator, and therefore he ought not to be charged with said land, or the proceeds of sale of it, as assets of the estate of his testator.
And it is ordered that it be referred to J. M. Dickson, Esq., to reform his report and account, in accordance with the foregoing directions, and make report to the next term of this court.
To which the defendant excepted, and assigned as error that his Honor erred in overruling exceptions No. 2, 5, 6, 7 and 9.
Upon the reformed report to Fall Term, 1887, judgment was rendered for plaintiff, and defendant appealed. Notice waived, etc.
It will be seen that the object of the reference is not so much to find what sum remains in the executors' hands, after payment of debts and expenses of administration, to be paid over to the legatees of the testator, for they are not suing for a settlement, and are not parties to the action, nor will be bound by its results, as it is to ascertain the sufficiency of the assets to satisfy the plaintiff's judgment and the costs incurred in recovering it. The residuary balance, shown in their own return, as reported by the referee, with the interest since accruing, approximates nearly the whole debt, and the difference only is to be made out of the proceeds of the sales of the lands. The personal estate has been exhausted, and the (541) unpaid residuum must be provided for out of the land, upon which the liability now rests. Had the land remained as such, so much as was necessary would have to be sold to discharge the debt, and the conversion of the real estate into assets, accompanied by a special proceeding against those to whom, by descent or devise, the real estate has come. As the sale has been effected by the action of the devisees, and the money is in the hands of the executors, why may not the fund be thus applied at once, since this is all that a special proceeding could do, and this without disturbing existing interests, except by a small diminution of the fund? The testator gives the remainder of his estate, real and personal, to four named children, and the deduction is, an equal apportionment among them of the moneys thus used. No reason occurs to us why this summary method of reaching the same result may not be adopted.
The series of exceptions proceed upon the erroneous idea, that the action settles the liabilities of the executors, generally, towards the legatees and devisees, as if it were binding upon all. Only exceptions 2, 5, 6 and 7 are overruled, the reasons for which, as assigned by the court, are sufficient and satisfactory, and we find no error in those rulings open to correction on the appeal.
There is no error, and the judgment must be and is affirmed.
No error. Judgment affirmed.
(542)